DAGGETT *versus* BAKEMAN & al.

In constituting a justice's court to take the disclosure of a poor debtor upon his relief bond, if the creditor neglect to appoint, the law provides that an appointment may be made in his behalf, by any officer who might have served the execution upon which the debtor was arrested.

Bangor and Brewer being adjoining towns, and the debtor, whose residence was in Brewer, having been arrested upon execution by a constable of Brewer, *Held,* that the appointment of a justice resident in *Bangor,* might be made by a constable of *Bangor,* though the disclosure was to be had at *Brewer.*

ON EXCEPTIONS from the District Court, HATHAWAY, J.

DEBT upon a poor debtor's six-months' relief bond.

The debtor resided at Brewer, and had been arrested on the execution by a constable of that town.

The defence was, that the debtor had been discharged upon a disclosure, made at Brewer, of his affairs before two justices, &c.

The plaintiff contended that the justices' court was not legally constituted, and proved that he neglected to appoint a justice, and thereupon one, who resided at Bangor, was appointed in behalf of the creditor by a constable of Bangor, which adjoins the town of Brewer.

The plaintiff's objection to the Court was, that the constable of Bangor had no authority to make that appointment.

Daggett *v.* Bakeman.

A nonsuit was directed, and the plaintiff excepted.

·*A. Sanborn*, for the plaintiff.

I. Whether the constable of Bangor had authority to make the appointment, depends upon the question whether he might have served the execution. This he might have done, only in case he could find the debtor or his personal property in Bangor.

But there was no evidence that *on the day of making the appointment*, the debtor or his property was in Bangor. The constable's authority, then, was not proved.

II. The disclosure was to be taken at Brewer. In that town, the constable of Bangor could do no official act. *A fortiori*, he could confer upon no other person the power to do an official act in Brewer. But the taking of the disclosure by the justice was an official act. Upon what principle then can it be supported ?

*Prentiss* and *Rawson, contra.*

WELLS, J. — The question presented is, whether a constable of Bangor had authority to select one of the justices residing in that place, the debtor's home being in Brewer, and the disclosure taken in Brewer.

The Act of Feb. 23, 1844, chap. 88, amendatory of chap. 148 of the Revised Statutes, authorizes the selection of justices, when the parties do not make it, " by the sheriff, or any deputy, constable or coroner, who might legally serve the precept on which he was arrested." The constable of Bangor might have served the precept on which the debtor was arrested, if the debtor had come within the limits of Bangor, or if his property had been found there. The service of it would have been compatible with his legal power. The meaning of the statute is, to confer the authority to make the selection on the officer who might serve such precept, or a precept of that class; that is, on him who had the power to do so, when the opportunity might offer, when a legal precept was put into his hands, and the debtor or his property was within his jurisdiction. Those events might never happen,

but still the power would exist. The constable acted within his jurisdiction, where a constable of Brewer could not, and the selection was properly made. *Worthen* v. *Hanson,* 30 Maine, 101.

By the statute, the justices may be selected from a town adjoining that in which the disclosure is made. The constable can select them, but aside from the exercise of that official duty, he can confer no authority ; the law empowers them to act, and it is not necessary that he should follow them, or be able to perform any official act in the place where they may take the disclosure.

*Exceptions overruled.*